MARC M. SELTZER (54534)
STEVEN G. SKLAVER (237612)
AMANDA BONN (270891)
FRANCES S. LEWIS (291055)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone:    (310) 789-3100
Facsimile:    (310) 789-3150
Email: mseltzer@susmangodfrey.com
Email: ssklaver@susmangodfrey.com
Email: abonn@susmangodfrey.com
Email: flewis@susmangodfrey.com

Attorneys for Defendants Dean Transportation, Inc. and Dean Foods of Southern California, LLC (dba Heartland Farms)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SCOTT PARKER, on behalf of himself and those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>DEAN TRANSPORTATION, INC., an Ohio Corporation; DEAN FOODS OF SOUTHERN CALIFORNIA, LLC (dba HEARTLAND FARMS), a Delaware Limited Liability Company; SBM DAIRIES, INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 13-02621 BRO(VBKx)<br><br>**CLASS ACTION**<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR SUBSTITUTION OF PROPER PARTY FOLLOWING DEATH PURSUANT TO FRCP 25(a)**<br><br>Date:   October 7, 2013<br>Time:   1:30 p.m.<br>Place:  Courtroom 14 |

2869966v1/0136841

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  ARGUMENT ...................................................................................................... 1

    A.   Cari Parker Has Failed To Establish That She Is The "Proper Party" Under Rule 25. ................................................................................ 1

        1.   Cari Parker is not Mr. Parker's "representative." ......................... 2

        2.   Cari Parker is not Mr. Parker's "successor." ............................... 3

    B.   Cari Parker Has Failed To Establish That Each Of Mr. Parker's Claims Survived His Death. ................................................................... 8

        1.   Mr. Parker's claims for equitable relief do not survive his death. ............................................................................................ 8

        2.   Mr. Parker's PAGA claims do not survive his death. ................. 9

III. CONCLUSION .................................................................................................. 9

# TABLE OF AUTHORITIES

**CASES**

*Alvarez v. Nunez*,
   10-21194-CIV, 2013 WL 1192302 (S.D. Fla. Mar. 22, 2013) ................................ 2

*Amalgamated Transit Union, Local 1756, AFL–CIO v. Sup.Ct.*,,
   46 Cal. 4th 993, 95 Cal.Rptr.3d 605 (2009) ........................................................ 11

*Barria v. Yu*, No. 08–CV–0908 BEN (CAB)
   2010 WL 2653322 (S.D. Cal. July 1, 2010) ........................................................ 11

*Beebe v. Sells*,
   D058698, 2013 WL 1084212 (Cal. Ct. App. March 15, 2013) ............................. 9

*Brown v. Schwarzenegger*,
   CV 04-9277 CAS SSx, 2006 WL 4756379 (C.D. Cal. June 12, 2006) ................ 9

*Burnett v. Daniels*,
   185 F.3d 866 (9th Cir. 1999) .................................................................................. 2

*California Packing Corp. v. Lopez*,
   207 Cal. 600 (1929) .............................................................................................. 12

*Estate of Lahey*,
   76 Cal. App. 4th 1056, 91 Cal. Rptr. 2d 30 (1999) ............................................... 7

*Graham v. Henderson*,
   224 F.R.D. 59 (N.D.N.Y. 2004) ............................................................................ 3

*Hawkins v. Thomas*,
   CV 09-1862 JST SSx, 2012 WL 1945235 (C.D. Cal. Mar. 14, 2012) .................. 3

*In re Baycol Prod. Litig.*,
   616 F.3d 778 (8th Cir. 2010) .................................................................................. 2

*In re Blair's Estate*,
   42 Cal. 2d 728 (1954) .......................................................................................... 12

*In re Estate of Bonanno*,
   165 Cal. App. 4th 7, 80 Cal. Rptr. 3d 560 (2008) ............................................. 5, 6

*In re Estate of McDaniel*,
   161 Cal. App. 4th 458, 73 Cal. Rptr. 3d 907 (2008) ............................................. 8

*In re Marriage of Klug*,
   130 Cal. App. 4th 1389, 31 Cal. Rptr. 3d 327 (2005) ........................................... 7

*Kennerly v. United States*,
   721 F.2d 1252 (9th Cir. 1983) ............................................................................. 11

*Robbins v. Allied Glove Corp.*,
   2:11-CV-01610-MMD, 2012 WL 6090373 (D. Nev. Dec. 5, 2012) ..................... 2

**STATUTES**

Cal. Civ. Proc. Code § 369 .......................................................................................... 9

Cal. Civ. Proc. Code § 377.10 ........................................................................... 4, 9, 10

Cal. Civ. Proc. Code § 377.11 ............................................................................. 4, 10

Cal. Family Code § 781 ........................................................................................... 6, 7

Cal. Prob. Code § 13500 ................................................................................................... 4, 5
Cal. Prob. Code § 13650 ...................................................................................................... 5
Cal. Prob. Code § 58 ............................................................................................................ 2
Cal. Prob. Code § 6401(c) .................................................................................................... 6
Cal. Prob. Code § 78 ............................................................................................................ 8
Cal. Prob. Code § 78(d) ........................................................................................................ 8
Cal. Prob. Code § 13660 ...................................................................................................... 5
Cal. Prob. Code § 6401 ....................................................................................... 7, 8, 9, 10
Cal. Prob. Code § 6402 ...................................................................................................... 10

**RULES**

Rule 25(a)(1) of the Federal Rule of Civil Procedure ............................................................ 1, 10

## I. INTRODUCTION

The Court should deny Cari Parker's ("Ms. Parker") motion for substitution because Ms. Parker has failed to meet her burden of demonstrating that (A) she is a proper substitute; and (B) each of Scott Parker's claims survived his death. Both showings are required under Rule 25(a)(1) of the Federal Rule of Civil Procedure.

Although the Court would not know it from reading Ms. Parker's motion and accompanying declaration, Ms. Parker filed for divorce from Mr. Parker over two years ago, and the couple has been living separately ever since. *See* Request for Judicial Notice ("RJN"), Ex. A at 55, 48. What's more, Mr. Parker has at least two offspring heirs from a previous marriage. *See id.* at 3, 48. These facts—not cited, let alone addressed in the motion—raise sufficient questions about Ms. Parker's blanket and unsupported assertions in her Declaration that she is Mr. Parker's "legal representative" and "first successor in interest." Ms. Parker has not credibly established that she is either. Moreover, certain of Mr. Parker's claims do not survive his death as a matter of law.

## II. ARGUMENT

### A. Cari Parker Has Failed To Establish That She Is The "Proper Party" Under Rule 25.

Only "the proper party" may substitute for a deceased plaintiff. Fed. R. Civ. P. 25(a) ("If a party dies and the claim is not extinguished, the court may order substitution of **the proper party**. A motion for substitution may be made by any party or by **the decedent's successor or representative**.") (emphases added). Under the governing rule, Ms. Parker bears the burden of presenting sufficient "evidence that [she] is the successor in interest or legal representative of the decedent" under California law.[1] This burden can be met, for example, by attaching

---

[1] Because "state law governs who can be a 'representative' or 'successor,' and therefore, who can qualify as a proper party for substitution," *In re Baycol Prod. Litig.*, 616 F.3d 778, 787-88 (8th Cir. 2010), this Court looks to California law in deciding whether Ms. Parker has met her burden of establishing that she is either a

to the motion for substitution a properly authenticated will that appoints the new party as representative. *See, e.g., Robbins v. Allied Glove Corp.*, 2:11-CV-01610-MMD, 2012 WL 6090373, at *2 (D. Nev. Dec. 5, 2012).

Here, Ms. Parker has submitted only a self-serving declaration and a death certificate. This is utterly insufficient, especially when considered in light of the evidence Ms. Parker **does not submit.** *See, e.g., Alvarez v. Nunez*, 10-21194-CIV, 2013 WL 1192302, at *2 (S.D. Fla. Mar. 22, 2013) (declining to substitute wife in place of decedent plaintiff because "the record is not clear that Mrs. Alvarez is the successor or representative of Plaintiff").

### 1. <u>Cari Parker is not Mr. Parker's "representative."</u>

California law defines a decedent's "personal representative" as the "executor, administrator, administrator with the will annexed, special administrator, successor personal representative, public administrator acting pursuant to Section 7660, or a person who performs substantially the same function under the law of another jurisdiction governing the person's status." Cal. Prob. Code § 58. In other words, the personal representative is "the administrator or executor of the estate." *Hawkins v. Thomas*, CV 09-1862 JST SSx, 2012 WL 1945235, at *6 (C.D. Cal. Mar. 14, 2012).

Ms. Parker has submitted no evidence establishing that she is the administrator or executor of the estate. To be sure, Ms. Parker states twice in a declaration that she is Mr. Parker's "representative." Cari Parker Decl. ¶¶ 1, 9. But just stating the legal conclusion does not make it so. This Court cannot and should not accept blanket assertions that are not supported with any relevant, documentary evidence—particularly where, as here, Ms. Parker nowhere even purports to be the executor or administrator of Mr. Parker's estate. *See, e.g., Graham v. Henderson*,

---

(… cont'd)
representative or a successor under Rule 25(a). *See, e.g., Burnett v. Daniels*, 185 F.3d 866 (9th Cir. 1999) (looking to state law to determine whether party was "proper" under Rule 25).

224 F.R.D. 59, 64 (N.D.N.Y. 2004) (denying motion to substitute in part and granting in part for certain parties depending on sufficiency of evidence). Indeed, Ms. Parker's declaration suggests just the opposite: Mr. Parker's estate "was not administered" and presumably will never be administered since the estate has already "been distributed." *Id.* at ¶¶ 5-6 (stating that Ms. Parker was "the distributor"). It is no surprise, then, that Ms. Parker attaches no supporting documentation such as a will or a probate filing identifying her as executor or administrator of Mr. Parker's estate, and that deficiency alone is grounds to deny her motion.

### 2. Cari Parker is not Mr. Parker's "successor."

Under California law, a decedent's "successor in interest" is "the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Civ. Proc. Code § 377.11. The phrase "beneficiary of the decedent's estate," in turn, is defined as "*the sole person* or *all of the persons* who succeed to a cause of action." Cal. Civ. Proc. Code § 377.10 (emphasis added). Ms. Parker has not submitted sufficient evidence demonstrating that she is Mr. Parker's successor—let alone his "sole" successor.

Ms. Parker asserts in conclusory fashion in paragraph 6 of her declaration that she is Mr. Parker's "first successor in interest," but her declaration completely omits the following critical information:

- In April 2011, Ms. Parker filed for divorce from Mr. Parker. *See* RJN, Ex. A at 55 (Petition for Dissolution of Marriage).
- Since this divorce filing, Ms. Parker has been living separately from Mr. Parker. *Id.* at 48 (Declaration of Cari Cartwright-Parker) ("Respondent and I separated on April 6, 2011 when I moved out of the family residence.").

- Mr. Parker has two children from a previous relationship who very likely share an interest in at least a part of this lawsuit. *Id.* at 3 (Declaration of Scott Parker) ("I have two other children, a son and daughter, from a previous relationship.").

Even setting this contradictory evidence to the side for the moment, Ms. Parker does not even assert that she is the **sole** successor to Mr. Parker's estate, let alone submit affirmative documentary support for her assertions that she is his "first successor in interest," whatever that means. Ms. Parker could have and should have submitted documentary evidence to support her status as Mr. Parker's sole successor, if that were indeed accurate. For example, because California estates need not be probated, *see* Cal. Prob. Code § 13500, the Probate Code provides a verification procedure to allow a putative surviving spouse to establish his/her claim of right in the un-administered estate. Such a procedure allows the claimant to clear title and erase the obstacles like those presented here:

> To clear title (for example, to dispose of the property), the surviving spouse should use the set-aside or summary confirmation procedures of Probate Code §§ 13650, 13660. These statutes provide a method of setting aside or clearing title in the survivor without probate, not only of community and quasi-community property, but also of any separate property the decedent left to his or her surviving spouse.

Cal. Cmty. Prop. Law § 13:15 (2013 ed.) (citing Cal. Prob. Code § 13650). Ms. Parker has submitted no evidence of clear title and thus has failed to present this Court with any credible evidence that she was in fact Mr. Parker's "sole successor." *See, e.g.*, *In re Estate of Bonanno*, 165 Cal. App. 4th 7, 17-18, 80 Cal. Rptr. 3d 560 (2008) (describing benefit of using § 13650 to clear title in surviving spouse).

This lack of evidence is not merely a technicality. Based on the evidence in the state family court records, *see* RJN, Ex. A, Ms. Parker is <u>not</u> Mr. Parker's sole

successor under California law. Under California law, a cause of action is considered separate property and not community property if it "arose . . . [w]hile either spouse, if he or she was the insured person, is living separate from the other spouse." Cal. Family Code § 781. If any of Mr. Parker's causes of action are his separate property, they would, at most, only pass **in part** to Ms. Parker and only if she could establish that she was his surviving spouse at death. And even then, Ms. Parker would not be the "sole" successor since she would only be entitled to a partial interest in his separate property given that Mr. Parker had two surviving children from previous relationships. *See* RJN, Ex. A at 3; Cal. Prob. Code § 6401(c) (distributing 1/3 of separate property to surviving spouse where intestate decedent leaves more than one child).

Here, several of Mr. Parker's causes of actions are his separate property because they arose before the couple married or while the couple was living separately. According to public records (though completely omitted in her declaration), Ms. Parker and Mr. Parker were married on August 21, 2009. RJN, Ex. A at 55. Ms. Parker filed for divorce less than two years later, on April 21, 2011. *Id.* During the course of the divorce proceedings, Ms. Parker stated under oath that she and Mr. Parker "separated on April 6, 2011 when I moved out of the family residence." *Id.* at 48. Thus, any cause of action arising before August 21, 2009, or after April 6, 2011, is Mr. Parker's separate property under § 781 for which Ms. Parker is not—based on the evidence she submitted and as a matter of law—Mr. Parker's successor.

Scott Parker's First Amended Complaint, filed May 31, 2013, purports to bring several claims that arose before the Parkers were married *and* after they were living separately. For example, Mr. Parker seeks damages for meal and rest break violations for violations "[f]rom at least 2009 to March 2012" and in some instances well before 2009.  FAC ¶ 22; *see also id.* at ¶ 30 ("from at least 2004 to the present"); *id.* at ¶ 52 ("from at least 2009 through 2012 and/or to the present").

Any of his meal and rest break claims that arose before August 2009 or after April 2011 when the couple began living separately are Mr. Parker's separate property. Additionally, all of Mr. Parker's individual disability claims against DTI are separate property because they allegedly stem from an injury in November 2011 and subsequent termination in March 2012, *see* FAC ¶ 20, incidents that occurred after he was living separately from Ms. Parker. *See, e.g.,* Cal. Family Code § 781; *In re Marriage of Klug*, 130 Cal. App. 4th 1389, 1393-94, 31 Cal. Rptr. 3d 327 (2005) (holding legal malpractice claim was separate property because arose after couple separated). Ms. Parker's declaration—which notably fails even to mention the divorce filing, separation, and previous children—fails to establish otherwise.[2]

The next inquiry is whether Ms. Parker is entitled to **any** interest in Mr. Parker's separate property. In California, Ms. Parker has an interest in Mr. Parker's separate property only if she was a "surviving spouse" at the time of his death. Cal. Prob. Code §§ 6401-2. Her declaration does not establish that she is entitled to such treatment. "[A] surviving spouse for purposes of intestate succession is distinct from the legal wife or husband of the decedent." *Estate of Lahey*, 76 Cal. App. 4th 1056, 1059, 91 Cal. Rptr. 2d 30, 32 (1999). As a result, she is not entitled to claim any interest in his claims that are his separate property and is also only entitled to claim a one-half interest in any of his claims that are categorized as community property. Cal. Prob. Code §§ 6401-2.

The California Probate Code excludes from the definition of "surviving spouse" a "party to a valid proceeding concluded by an order purporting to terminate all marital property rights," even if a final order of dissolution had not yet been issued. Cal. Prob. Code § 78(d); *see also, e.g.*, *In re Estate of McDaniel*, 161 Cal. App. 4th 458, 462, 73 Cal. Rptr. 3d 907 (2008) (holding legal wife was not a

---

[2] The omission of Alta-Dena Certified Dairy LLC from the caption of Plaintiff's Motion for Substitution indicates that Ms. Parker does not seek substitution for claims against that entity.

1  surviving spouse and therefore did not have any property interests in decedent's
2  separate estate when parties had already divided up the marital property).  Here, the
3  California public probate records indicate that even though the Parkers had not yet
4  obtained a final order of dissolution at the date of Mr. Parker's death, they appear to
5  have resolved the question of how to dispose of the marital property. Both parties
6  had offered identification of the assets they believed to be community and separate
7  property, see RJN, Ex. A at 32-35, 55-58. The record contains no further discussion
8  at all about property rights during the next two years, suggesting that the parties had
9  reached an agreement on the division of marital assets. Ms. Parker has therefore
10 failed to meet her burden of presenting evidence that she was in fact Mr. Parker's
11 surviving spouse at his death.

12      Even if Ms. Parker could establish that she is in fact Scott Parker's
13 "surviving spouse" within the meaning of section 78 of the Probate Code, Ms.
14 Parker would have only a partial interest in the disposition of his separate property.
15 In California, where a decedent like Mr. Parker leaves behind two or more children
16 in addition to a surviving spouse, the surviving spouse takes only a one-third shared
17 interest in the separate property. Cal. Prob. Code § 6401.  The records establish that
18 Mr. Parker had three children at his death—one with Ms. Parker and two from a
19 previous relationship. These three children would all be beneficiaries to Mr.
20 Parker's estate, and therefore as a collective unit would be his "successor" under
21 California law. *See* Cal. Civ. Pro. Code § 377.10 ("beneficiary" defined as "the *sole*
22 *person* or *all of the persons* who succeed to a cause of action" (emphasis added)).

23      Because Ms. Parker is not "the sole person" to succeed to Mr. Parker's
24 causes of action, she cannot be substituted as his "successor." *See, e.g.*, *Brown v.*
25 *Schwarzenegger*, CV 04-9277 CAS SSx, 2006 WL 4756379, at *5 (C.D. Cal. June
26 12, 2006) (dismissing for lack of standing survival claims brought by decedent's
27 mother because mother failed to meet her burden of showing she was the
28 beneficiary of his estate). Even if she is a partial successor, Mr. Parker's other

1  successors in interest are indispensable parties—and because Ms. Parker does not
2  prove or claim to be the duly appointed personal representative of Mr. Parker's
3  estate under California law, she has no power to bring suit "without joining as
4  parties the persons for whose benefit the action is prosecuted." Cal. Code Civ. Pro.
5  § 369; *see Beebe v. Sells*, D058698, 2013 WL 1084212, at *2 (Cal. Ct. App. March
6  15, 2013) (unpublished) (denying standing to a decedent's purported successor
7  because all living estate beneficiaries were not included as plaintiffs in the action:
8  "[t]he standing provided by Code of Civil Procedure sections 377.10 and 377.11 is
9  limited to either *all* of the beneficiaries under a decedent's will or *all* of the
10 decedent's heirs under Probate Code sections 6401 and 6402.") (emphasis in
11 original).

12  Notably, Ms. Parker's declaration does not claim, as it must, that she is the
13 *sole* beneficiary or *sole* successor in interest to Mr. Parker's claims; in fact, it states
14 the opposite. *See* Cari Parker Decl. at ¶¶ 6 ("I am Plaintiff's *first* successor in
15 interest . . . (emphasis added)); *id.* at ¶ 9 (referring to "*All beneficiaries* of the estate
16 . . . (emphasis added)).

17  **B.    Cari Parker Has Failed To Establish That Each Of Mr. Parker's**
18  **Claims Survived His Death.**

19  Under Rule 25(a)(1), Ms. Parker must also demonstrate that Mr. Parker's
20 claims did not expire with his death. *See* Fed. R. Civ. P. 25(a) ("If a party dies *and*
21 *the claim is not extinguished,* the court may order substitution of the proper party."
22 (emphasis added). Ms. Parker concedes that Mr. Parker's claim for emotional
23 distress does not survive his death, *see* Mot. at 4, n.1, but says nothing about other
24 claims that also do not survive his death as a matter of law.

25  1.  Mr. Parker's claims for equitable relief do not survive his death.
26  Mr. Parker's First Amended Complaint includes a prayer for "equitable
27 remedies." FAC (Prayer for Relief, ¶ 7). Ms. Parker has no power to pursue any
28 such claim for relief because any potential equitable remedy expired upon Mr.

Parker's death. *See, e.g.*, *Barria v. Yu*, No. 08–CV–0908 BEN (CAB), 2010 WL 2653322, at *1 (S.D. Cal. July 1, 2010) (citing *Kennerly v. United States*, 721 F.2d 1252, 1260 (9th Cir. 1983) (declining to substitute estate representative on claim for injunctive relief)).

### 2. Mr. Parker's PAGA claims do not survive his death.

Ms. Parker also has no basis to pursue Mr. Parker's claims for PAGA penalties because these claims also were extinguished upon Mr. Parker's death. The California Supreme Court has made clear that PAGA actions are not assignable:

> [PAGA] does not create property rights or any other substantive rights. Nor does it impose any legal obligations. It is simply a procedural statute allowing an aggrieved employee to recover civil penalties—for Labor Code violations—that otherwise would be sought by state labor law enforcement agencies. As we have held in the past, the right to recover a statutory penalty may not be assigned.

*Amalgamated Transit Union, Local 1756, AFL–CIO v. Sup.Ct.*, 46 Cal. 4th 993, 1003, 95 Cal.Rptr.3d 605 (2009). A claim that is not a property right and cannot be assigned does not survive a decedent's death. *See, e.g., In re Blair's Estate*, 42 Cal. 2d 728, 731 (1954) ("[A] right that cannot be assigned does not survive the death of the person entitled to it."); *California Packing Corp. v. Lopez*, 207 Cal. 600, 603 (1929) (noting the terms "assignability" and "survivability" are "practically interchangeable").

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Ms. Parker's Motion for Substitution.

Dated: September 16, 2013

MARC M. SELTZER
STEVEN G. SKLAVER
AMANDA BONN
FRANCES S. LEWIS
SUSMAN GODFREY L.L.P.

By: */s/ Frances S. Lewis*
     Frances S. Lewis

Attorneys for Defendants Dean Transportation, Inc. and Dean Foods of Southern California, LLC (dba Heartland Farms)